C

O

P

Y

### The State of Texas

#### OFFICE OF THE ATTORNEY GENERAL OF TEXAS

#### Austin

Gerald C. Mann
Attorney General


Honorable H. B. Virgil Crawford
County Attorney
Terry County
Brownfield, Texas

Dear Sir:

Opinion No. 0-3616
Re: When will the County Commis-
sioners of Terry County be
entitled to start receiving
compensation at the increased
rate?

Your recent request for an opinion of this Department on the above stated question has been received.

We quote from your letter as follows:

"I am writing this letter for an opinion as to when our Commissioners will be entitled to receive additional compensation. I am sure that Article 2350 will be the statute which will control. Terry County has a total population of 11,143 according to the census count last year. Our valuation for 1941 is well over 6 million dollars, and according to the law as I see it the commissioners are entitled to receive $1,400.00 per year. The question in my mind is when will the commissioners be entitled to start receiving compensation at the increased rate? The statute states that when the assessed valuation for the previous year, from time to time, shall be a certain amount then the compensation shall be such etc.

"Also I should like to know if the period of increased compensation will begin with the fiscal year or the current year? I think that our fiscal year starts in October of each year. I will greatly appreciate your advice in this matter."

Article 2350, Vernon's Annotated Civil Statutes, reads in part as follows:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

| "Assessed Valuations | Salaries to be paid each Commissioner |
|---|---|
| $ 6,000,001 and less than $10,000,000 not to exceed . . . . . . | $1400.00 |

. . .

"In counties having assessed valuation of more than Four Million Five Hundred Thousand and One Dollars ($4,500,001) and less than Six Million Dollars ($6,000,000) each commissioner shall receive Five Dollars ($5) per day for each day served as commissioner, and a like amount when acting as ex-officio road superintendent in his Commissioner's Precinct, provided in no event shall his total compensation exceed Twelve Hundred Dollars ($1200) in any one year. . ."

Article 2350 (1) and Article 2350 (2) read as follows:

"The salary of each County Commissioner and each County Judge may be paid wholly out of the County General Fund or, at the option of the Commissioners Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions: County Judge not to

exceed seventy-five per cent (75%) of such salaries
may be paid out of the Road and Bridge Fund, and
the remainder out of the General Fund of the County,
and each County Commissioner's salary may, at the
discretion of the Commissioners Court, all be paid
out of the Road and Bridge Fund; provided this Sec-
tion shall not apply except in counties where the
constitutional limit of twenty-five cents (25¢)
on the One Hundred Dollars ($100) is levied for
general purposes."

"Art. 2350 (2). The Commissioners Court at
its first regular meeting each year shall, by order
duly made and entered upon the Minutes of same Court,
fix the salaries of the County Commissioners for
such year, within the limits as provided for in this
Act."

It will be noted that Article 2350 (2), supra, requires the
commissioners' court to fix the salaries of the county commis-
sioners for the year, within the limits as provided for in
Article 2350, supra, at its first regular meeting each year.
Article 235C, supra, provides in effect that the county com-
missioners shall each receive annual salaries not to exceed
the amounts specified therein to be paid in equally monthly
installments based on the total assessed valuations of all
property certified by the county assessor and approved by the
commissioners' court for county purposes for the previous year.

For the year 1940, Terry County had a total assessed valua-
tion of all properties of $5,807,775.00. The salaries of the
members of the commissioners' court of Terry County must be
based on the 1940 assessed valuations and the salary to which
each is entitled to is as provided in the last paragraph of
Article 2350, supra, which is quoted above, provided in no
event shall the total compensation of each commissioner exceed
$1200.00 for the year 1941.

You state in your letter that the total assessed valuation
for 1941 is well over $6,000,000.00. This being true and pro-
vided the assessed valuations do not exceed $10,000,000.00 for
the year 1941, the commissioners' court may at its first regular

Honorable H. B. Virgil Crawford, page 4


meeting in January, 1942, fix the salary of each county com-
missioner for such year at a sum not exceeding $1400.00.
The county commissioners cannot increase their salary for the
year 1941 based on the assessed valuation for said year, but
as above stated the salary for the year 1942 must be based on
the 1941 assessed valuation.

Trusting that the foregoing fully answers your inquiry,
we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      /s/
Ardell Williams
Assistant

AW:N


APPROVED JUN 7, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED OPINION COMMITTEE
By BWB Chairman